IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Lismore Village Homeowners' Association, Inc., | Civil Action No.: 6:14-2185-BHH |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Eastwood Construction, LLC, f/k/a Eastwood Construction Company, Inc., | |
| Defendant. | |

This matter is before the Court on the defendant Eastwood Construction, LLC's ("the defendant") motion to dismiss (ECF No. 5) and the plaintiff's motion to amend complaint (ECF No. 21). The case was removed from the Court of Common Pleas, County of Greenville, South Carolina on June 5, 2014, by the defendant. (ECF No. 1.) In its amended complaint, the plaintiff asserts causes of action for breach of covenants and breach of fiduciary duty. (ECF No.1-2.)

**FACTUAL AND PROCEDURAL BACKGROUND**

The plaintiff is a South Carolina not-for-profit corporation "composed of all Homeowners in Lismore Village Subdivision ["Lismore Village"] located in Greenville County." (Am. Compl. ¶ 1.) The defendant is a North Carolina limited liability company with its principal place of business in Mecklenburg County, North Carolina, which does business in Greenville County, South Carolina. According to the Complaint, the defendant purchase some 71 residential lots within Lismore Village for the purpose of constructing residential dwellings. *Id*. ¶ 11.

Lismore Village is governed by a Declaration of Covenants, Conditions, Restrictions,

and Easements for Lismore Village (the "Declaration") recorded in the Office of the Register of Deeds for Greenville County, South Carolina, in Deed Book 2242 at Page 1633. *Id*. ¶ 6. Article V, Section 1 of the Declaration provides that the owner of a lot in Lismore Village "covenants and agrees to pay the Association annual and special assessments." (Am. Compl. ¶ 8.) Article 1, Section 4 of the Declaration defines the term "Declarant" for purposes of the Declaration. *Id*. ¶ 7. According to the plaintiff, and per the terms of this definition, the defendant "was a Declarant for Lismore Village for the purpose of constructing seventy one (71) Lots." *Id*. ¶¶ 7, 15. Article V, Section 5 of the Declaration provides a special "Assessment Rate for Declarant-owned Lots" by which a declarant pays twenty-five percent (25%) of the applicable assessment until a residence is completed on the lot and then pays one hundred percent (100%) of the applicable assessment until the lot is sold to another owner. *Id*. ¶ 9.

The plaintiff alleges that the defendant failed to pay such assessments and in so doing also breached its fiduciary duty.

## **STANDARD OF REVIEW**

A plaintiff's complaint should set forth "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). To show that the plaintiff is "entitled to relief," the complaint must provide "more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. In

considering a motion to dismiss under Rule 12(b)(6), the Court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff . . . ." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 255 (4th Cir. 2009). Notably, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" do not qualify as well pled facts.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state "a plausible claim for relief." *Iqbal*, 129 S. Ct. at 950. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). Stated differently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. (quoting Fed. R. Civ. P. 8(a)). Still, Rule 12(b)(6) "does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Colon Health Centers of Am., LLC v. Hazel*, 733 F.3d 535, 545 (4th Cir. 2013) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). "A plausible but inconclusive inference from pleaded facts will survive a motion to dismiss . . . ." *Sepulveda-Villarini v. Dep't of Educ. of Puerto Rico*, 628 F.3d 25, 30 (1st Cir. 2010) (Souter, J.).

**DISCUSSION**

The defendant alleges various pleading deficiencies in the plaintiff's Amended Complaint (ECF No. 1-2). To the extent there were any, they have all been cured by the proposed second amended complaint, which the Court now grants leave to file. (See ECF No. 21-1.)

In the proposed amended complaint, the plaintiff now portends to allege that the defendant had actual knowledge of the assessment rate and applicable due dates and of its liability to make payment of such assessments pursuant to the Declaration but did not. (Prop. Amend. Compl. ¶¶ 26, 27, 30.) Most importantly, it is now alleged that defendant, itself, was responsible for *setting* and making such assessments and that it "specifically directed HOA Community Management not to charge assessments against" the defendant's own lots. *Id*. ¶ 24, 31, 47, 48. These averments plead more fully a plausible claim for relief on a breach of covenants claim, although the Court would likely have reached the same result on the original amended Complaint.

As to the plaintiff's breach of fiduciary duty claim, the defendant has made an argument that the fiduciary duty recognized, in *Goddard v. Fairways Dev. Gen. Partn*., 310 S.C. 408 (S.C. Ct. App. 1993), does not apply here. But, the duty, recognized in *Goodard,* appears much broader than the defendant would characterize it (for maintenance of common areas only) and the Court believes factual issues remain as to whether its pronouncements apply to the the relationship of the parties (whether or not the defendant can be considered a developer or comparably owing duties). Allegations that the defendant was responsible for assessment setting and collection, and yet intentionally declined to assess its own properties, are sufficient to allow the plaintiff's claim for breach

of fiduciary duty to continue now.

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss is DENIED. (ECF No. 5.) The plaintiff's motion to amend is GRANTED and the plaintiff shall have ten (10) days from the date of this Order to file it.

IT IS SO ORDERED.

s/ Bruce Howe Hendricks
United States District Judge

March 20, 2015
Greenville, South Carolina